Matter of Malyszek (2019 NY Slip Op 03129)





Matter of Malyszek


2019 NY Slip Op 03129


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

[*1]
In the Matter of CYNTHIA S. MALYSZEK, a Suspended Attorney.


(Attorney Registration No. 1936103)

Calendar Date: March 18, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1984 and is also admitted in the District of Columbia and Massachusetts. She was suspended from the practice of law in this state, however, by 2003 order of this Court (307 AD3d 374 [2003]) for conduct prejudicial to the administration of justice arising from her failure to duly register beginning in 1998; she remains so suspended to date. In April 2018, respondent was disbarred by the District of Columbia Circuit Court of Appeals. Based upon those findings, respondent was thereafter similarly disbarred by the Supreme Court of Massachusetts. Significantly, respondent's disbarments arose from, among other misconduct, her misappropriation of client funds while representing a federal contractor in California. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause marked returnable March 18, 2019, to impose discipline upon respondent based upon the professional misconduct she was found to have committed by the District of Columbia disciplinary authorities (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of the Appellate Division, Third Department [22 NYCRR] § 806.13). Respondent has not replied or otherwise responded to AGC's motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, we grant AGC's motion (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the issue of the appropriate disciplinary sanction, we emphasize that an attorney's misappropriation of client funds constitutes one of the "most serious violation[s] of an attorney's ethical obligations" and cannot be tolerated (Matter of Plimpton, 120 AD3d 1486, 1487 [2014] [internal quotation marks and citation omitted]). Here, respondent's serious professional misconduct, resulting in her disbarment in both the District of Columbia and Massachusetts, is exacerbated by her failure to provide proper notice of same to this Court as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d), her past disciplinary history — including her longstanding current suspension in this state — and her failure to respond to the subject motion. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we conclude that respondent must be disbarred in this state (see Matter of Patel, 166 AD3d 1463, [*2]1464 [2018]; Matter of Canney, 165 AD3d 1461 [2018] Matter of Graham, 164 AD3d 1520, 1521 [2018]).
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).